IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| CSX TRANSPORTATION, INC., | ) | Cause No.  2:06-CV-0112RLYWGH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JOHN J. VELA, JOHN J. VELA TRUCKING d/b/a JAY'S TRUCKING, SULLIVAN FIRE DEPARTMENT, CITY OF SULLIVAN, INDIANA and DONALD RAY HUFF, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| JOHN J. VELA, JOHN J. VELA TRUCKING d/b/a JAY'S TRUCKING, | ) | |
| | ) | |
| Counterclaim Plaintiff's | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CSX TRANSPORTATION, INC., | ) | |
| | ) | |
| Counterclaim Defendant. | ) | |
| | ) | |
| JOHN J. VELA, JOHN J. VELA TRUCKING d/b/a JAY'S TRUCKING, | ) | |
| | ) | |
| Crossclaim Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CITY OF SULLIVAN, INDIANA, and DONALD RAY HUFF, | ) | |
| | ) | |
| Crossclaim Defendants. | ) | |

## AMENDED COUNTERCLAIM, CROSSCLAIM AND JURY DEMAND OF DEFENDANTS JOHN J. VELA AND JOHN J. VELA TRUCKING d/b/a JAY'S TRUCKING

### II.  AMENDED COUNTERCLAIM

**COMES NOW**, Counterclaimants/Defendants, John J. Vela and John J. Vela Trucking d/b/a Jay's Trucking, by counsels and files herein their Amended Counterclaim against CSX Transportation, Inc. and states:

### PARTIES

1. At all times mentioned herein and pertinent hereto, John J. Vela was a citizen of the County of Sullivan, State of Indiana.

2. At all times mentioned herein and pertinent hereto, John J. Vela Trucking d/b/a Jay's Trucking was a sole proprietorship with its principal place of business in Sullivan County, Indiana.

3. At all times mentioned herein and pertinent hereto, CSX Transportation, Inc. was a corporation organized and existing under the Commonwealth of Virginia having its principle place of business in Jacksonville, Florida.

### JURISDICTION

4. Upon information and belief Counterclaimants/Defendants, believe this to be a compulsory Counterclaim, pursuant to Rule 13 (a) of the Federal Rules of Civil Procedure; furthermore, this Court has Supplemental Jurisdiction over this Counterclaim pursuant to 28 U.S.C.S. § 1367 (a).

### COUNT I
### CSX TRANSPORTATION, INC.

5. Counterclaimants/Defendants hereby incorporate paragraphs one (1) through four (4) of this Amended Counterclaim as though fully set forth herein.

6. On or about February 6, 2006, John J. Vela was operating a semi-truck and trailer in an easterly direction on Washington Street near its intersection with the CSX Transportation, Inc. railroad crossing in the City of Sullivan, County of Sullivan, State of Indiana.

7. At the afore-mentioned date, time and place, Donald R. Huff was the engineer that was operating a locomotive and train for CSX Transportation, Inc. in a southerly direction on CSX Transportation Inc.'s rail line near its intersection with Washington Street in the City of Sullivan, County of Sullivan, State of Indiana.

8. John J. Vela, upon crossing the CSX Transportation, Inc. railroad crossing located on Washington Street, in the City of Sullivan, County of Sullivan, State of Indiana became stuck upon said railroad tracks due to CSX Transportation, Inc.'s failure to repair potholes and maintain pavement and grades surrounding the railroad crossing in such a way as to allow motor vehicles to travel across CSX Transportation Inc.'s railroad tracks.

9. At the railroad crossing, a collision did then and there occur in which the locomotive and train of CSX Transportation, Inc. collided with the semi-tractor and trailer of John J. Vela.

10. As a direct and proximate result of the negligence of CSX Transportation, Inc. to repair potholes and pavement surrounding the railroad crossing located on Washington Street in the City of Sullivan, County of Sullivan, State of Indiana in such a way as to allow motor vehicles to travel across CSX Transportation Inc.'s railroad tracks, John J. Vela and John J. Vela Trucking d/b/a Jay's Trucking suffered the following injuries and damages:

    (a)    Shock and in addition thereto, the body of John J. Vela was bruised, strained and torn and John J. Vela was under great excruciating mental and physical pain by reason of said injuries;

    (b)    John J. Vela has incurred medical expenses for the reasonable and necessary treatment of said injuries;

    (c)    John J. Vela will incur expenses in the future for reasonable and necessary treatment of said injuries;

(d) John J. Vela has sustained a loss of income as a result of being unable to engage in his regular occupation as a result of said injuries;

(e) John J. Vela will sustain a loss of income in the future as a result of said injuries;

(f) The injuries of John J. Vela are permanent and progressive and John J. Vela will undergo great excruciating mental and physical pain by reason of said injuries in the future; and

(g) Damage to personal property, loss of use of personal property, and incidental damages.

**WHEREFORE**, Counterclaimants/Defendants, by counsel, pray for a judgment against CSX Transportation, Inc. in an amount sufficient to compensate them for their injuries and damages, court costs expended and for all other relief just and proper in the premises.

COUNTERCLAIMANTS/DEFENDANTS RESPECTFULLY REQUEST TRIAL BY JURY.

## COUNT II
## CSX TRANSPORTATION, INC.

11. Counterclaimants/Defendants hereby incorporate paragraphs one (1) through ten (10) of this Amended Counterclaim as though fully set forth herein.

12. On or about February 6, 2006, John J. Vela was operating a semi-truck and trailer in an easterly direction on Washington Street near its intersection with the CSX Transportation, Inc. railroad crossing in the City of Sullivan, County of Sullivan, State of Indiana.

13. At the afore-mentioned date, time and place, Donald R. Huff was the engineer that was operating a locomotive and train for CSX Transportation, Inc. in a southerly direction on CSX Transportation Inc.'s rail line near its intersection with Washington Street in the City of Sullivan, County of Sullivan, State of Indiana.

14.     At all times mentioned and pertinent hereto, Donald R. Huff, was an agent, servant or employee of CSX Transportation, Inc., and was working within the course and scope of his employment.

15.     At the intersection of Washington Street and the CSX Transportation, Inc. railroad crossing, the semi-tractor and trailer operated by John J. Vela became stuck on the railroad tracks when crossing said railroad tracks.  A collision did then and there occur in which the locomotive and train operated by engineer, Donald R. Huff, collided with the semi-tractor and trailer of John J. Vela.

16.     The collision, as described aforesaid, was the direct and proximate result of the negligence of Donald R. Huff, which said negligence being more particularly described as follows:

    (a)     Donald R. Huff failed to keep a reasonable look out for vehicles on the railway.

    (b)     Donald R. Huff operated the locomotive and train at a speed, which was in excess of that, which was reasonable and prudent under the conditions.

    (c)     Donald R. Huff failed to keep the locomotive and train under control at all times.

17.     As a direct and proximate result of the negligence of Donald R. Huff as described aforesaid, Counterclaimants/Defendants suffered the following injuries and damages:

    (a)     Shock and in addition thereto, the body of John J. Vela was bruised, strained and torn and John J. Vela was under great excruciating mental and physical pain by reason of said injuries;

    (b)     John J. Vela has incurred medical expenses for the reasonable and necessary treatment of said injuries;

    (c)     John J. Vela will incur expenses in the future for reasonable and necessary treatment of said injuries;

    (d)     John J. Vela has sustained a loss of income as a result of being unable to engage in his regular occupation as a result of said injuries;

(e)   John J. Vela will sustain a loss of income in the future as a result of said injuries;

(f)   The injuries of John J. Vela are permanent and progressive and John J. Vela will undergo great excruciating mental and physical pain by reason of said injuries in the future; and

(g)   Damage to personal property, loss of use of personal property, and incidental damages.

**WHEREFORE,** Counterclaimants/Defendants, by counsel, pray for judgment against CSX Transportation, Inc. in an amount sufficient to compensate them for their injuries and damages and for court costs expended, and for all other relief just and proper in the premises.

COUNTERCLAIMANTS/DEFENDANTS RESPECTFULLY REQUEST TRIAL BY JURY.

<u>**COUNT III**</u>
<u>**CSX TRANSPORTATION, INC.**</u>

18.   Counterclaimants/Defendants hereby incorporates paragraphs one (1) through seventeen (17) of this Amended Counterclaim as though fully set forth herein.

19.   On or about February 6, 2006, John J. Vela was operating a semi-truck and trailer in an easterly direction on Washington Street near its intersection with the CSX Transportation, Inc. railroad crossing in the City of Sullivan, County of Sullivan, State of Indiana.

20.   At the afore-mentioned date, time and place, Michael Carlton was the conductor of the locomotive and train for CSX Transportation, Inc., which was traveling in a southerly direction on CSX Transportation, Inc's rail line near its intersection with Washington Street in the City of Sullivan, County of Sullivan, State of Indiana.

21.   At all times mentioned and pertinent hereto, Michael Carlton was an agent, servant or employee of CSX Transportation, Inc., and was working within the course and scope of his employment.

22. At the intersection of Washington Street and the CSX Transportation, Inc. railroad crossing, the semi-tractor and trailer operated by John J. Vela became stuck on the railroad tracks when crossing said railroad tracks. A collision did then and there occur in which the locomotive and train of CSX Transportation, Inc. being conducted by Michael Carlton collided with the semi-tractor and trailer of John J. Vela.

23. The collision, as described aforesaid, was the direct and proximate result of the negligence of Michael Carlton, which said negligence being more particularly described as follows:

    (a) Michael Carlton failed to keep a reasonable look out for vehicles on the railway.

    (b) Michael Carlton allowed the operation of the locomotive and train at a speed, which was in excess of that, which was reasonable and prudent under the conditions.

    (c) Michael Carlton failed to keep the locomotive and train under control at all times.

24. As a direct and approximate result of the negligence of Michael Carlton as described aforesaid, Counterclaimants/Defendants suffered the following injuries and damages:

    (a) Shock and in addition thereto, the body of John J. Vela was bruised, strained and torn and John J. Vela was under great excruciating mental and physical pain by reason of said injuries;

    (b) John J. Vela has incurred medical expenses for the reasonable and necessary treatment of said injuries;

    (c) John J. Vela will incur expenses in the future for reasonable and necessary treatment of said injuries;

    (d) John J. Vela has sustained a loss of income as a result of being unable to engage in his regular occupation as a result of said injuries;

    (e) John J. Vela will sustain a loss of income in the future as a result of said injuries;

(f) The injuries of John J. Vela are permanent and progressive and John J. Vela will undergo great excruciating mental and physical pain by reason of said injuries in the future; and

(g) Damage to personal property, loss of use of personal property, and incidental damages.

**WHEREFORE,** Counterclaimants/Defendants, by counsel, pray for judgment against CSX Transportation, Inc. in an amount sufficient to compensate them for their injuries and damages and for court costs expended, and for all other relief just and proper in the premises.

COUNTERCLAIMANTS/DEFENDANTS RESPECTFULLY REQUEST TRIAL BY JURY.

### III.  AMENDED CROSSCLAIM

**COMES NOW,** Crossclaimants/Defendants, John J. Vela and John J. Vela Trucking d/b/a Jay's Trucking, by counsel and file herein their Amended Crossclaim against Donald Ray Huff and the City of Sullivan and state:

### PARTIES

1. At all times mentioned herein and pertinent hereto, John J. Vela was a citizen of the County of Sullivan, State of Indiana.

2. At all times mentioned herein and pertinent hereto, John J. Vela Trucking d/b/a Jay's Trucking was a sole proprietorship with its principal place of business in Sullivan County, State of Indiana.

3. At all times pertinent hereto, Donald Ray Huff was believed to be a citizen of the County of Vanderburgh, State of Indiana.

4. At all times mentioned and pertinent hereto, the City of Sullivan was believed to be a governmental unit located in the County of Sullivan, State of Indiana.

## JURISDICTION

5.  This Court has Supplemental Jurisdiction pursuant to 28 U.S.C.S. § 1367(a) due to the fact that the claims are derived from a common nucleus of operative fact and therefore form part of the same case or controversy.

## COUNT I
## DONALD R. HUFF

6.  Crossclaimants/Defendants hereby incorporate paragraphs one (1) through five (5) of this Amended Crossclaim as though fully set forth herein.

7.  On or about February 6, 2006, John J. Vela was operating a semi-truck and trailer in an easterly direction on Washington Street near its intersection with the CSX Transportation, Inc. Railroad crossing in the City of Sullivan, County of Sullivan, State of Indiana.

8.  At the afore-mentioned date, time and place, Donald R. Huff was the engineer that was operating a locomotive and train for CSX Transportation, Inc. in a southerly direction on CSX Transportation, Inc.'s rail line near its intersection with Washington Street in the City of Sullivan, County of Sullivan, State of Indiana.

9.  At the intersection of Washington Street and the CSX Transportation, Inc. Railroad crossing, the semi-tractor trailer operated by John J. Vela became stuck on the railroad tracks when crossing said railroad tracks. A collision did then and there occur in which the locomotive and train operated by Donald R. Huff collided with the semi-tractor trailer of John J. Vela.

10. The collision, as described aforesaid, was the direct and proximate result of the negligence of Donald R. Huff, which said negligence being more particularly described as follows:

    (a)    Donald R. Huff failed to keep a reasonable lookout for vehicles on the railway.

    (b)    Donald R. Huff operated the locomotive and train at a speed which was in excess of that which was reasonable and prudent under the conditions.

    (c)    Donald R. Huff failed to keep the locomotive and train under control at all times.

    11.    As a direct and proximate result of the negligence of Donald R. Huff as described aforesaid, Crossclaimants/Defendants suffered the following injuries and damages:

    (a)    Shock and in addition thereto, the body of John J. Vela was bruised, strained and torn and John J. Vela was under great excruciating mental and physical pain by reason of said injuries;

    (b)    John J. Vela has incurred medical expenses for the reasonable and necessary treatment of said injuries;

    (c)    John J. Vela will incur expenses in the future for reasonable and necessary treatment of said injuries;

    (d)    John J. Vela has sustained a loss of income as a result of being unable to engage in his regular occupation as a result of said injuries;

    (e)    John J. Vela will sustain a loss of income in the future as a result of said injuries;

    (f)    The injuries of John J. Vela are permanent and progressive and John J. Vela will undergo great excruciating mental and physical pain by reason of said injuries in the future; and

    (g)    Damage to personal property, loss of use of personal property, and incidental damages.

**WHEREFORE,** Crossclaimants/Defendants, by counsel, pray for judgment against Donald R. Huff in an amount sufficient to compensate them for their injuries and damages and for court costs expended, and for all other relief just and proper in the premises.

CROSSCLAIMANTS/DEFENDANTS RESPECTFULLY REQUEST TRIAL BY JURY.

## COUNT II
## THE CITY OF SULLIVAN

12. Crossclaimants/Defendants, hereby incorporate paragraphs one (1) through eleven (11) of this Amended Crossclaim as though fully set forth herein.

13. On or about February 6, 2006, John J. Vela was operating a semi-truck and trailer in an easterly direction on Washington Street near its intersection with the CSX Transportation, Inc. Railroad crossing in the City of Sullivan, County of Sullivan, State of Indiana.

14. At the aforementioned date, time and place, Donald R. Huff was the engineer that was operating a locomotive and train for CSX Transportation, Inc. in a southerly direction on CSX Transportation Inc.'s rail line near its intersection with Washington Street in the City of Sullivan, County of Sullivan, State of Indiana.

15. John J. Vela, upon crossing the CSX Transportation, Inc. railroad crossing located on Washington Street, in the City of Sullivan, County of Sullivan, State of Indiana became stuck upon said railroad track due to the City of Sullivan's failure to repair potholes and maintain pavement surrounding the railroad in such a way as to allow motor vehicles to travel across CSX Transportation, Inc.'s railroad tracks.

16. At the railroad crossing, a collision did then and there occur in which the locomotive and train of CSX Transportation, Inc. collided with the semi-tractor and trailer of John J. Vela.

17. As a direct and proximate result of the negligence of the City of Sullivan to repair potholes and maintain pavement surrounding the railroad crossing located on Washington Street in the City of Sullivan, County of Sullivan, State of Indiana in such a way as to allow motor vehicles to safely travel across CSX Transportation Inc.'s railroad tracks, Crossclaimants/Defendants suffered the following injuries and damages:

(a) Shock and in addition thereto, the body of John J. Vela was bruised, strained and torn and John J. Vela was under great excruciating mental and physical pain by reason of said injuries;

(b) John J. Vela has incurred medical expenses for the reasonable and necessary treatment of said injuries;

(c) John J. Vela will incur expenses in the future for reasonable and necessary treatment of said injuries;

(d) John J. Vela has sustained a loss of income as a result of being unable to engage in his regular occupation as a result of said injuries;

(e) John J. Vela will sustain a loss of income in the future as a result of said injuries;

(f) The injuries of John J. Vela are permanent and progressive and John J. Vela will undergo great excruciating mental and physical pain by reason of said injuries in the future; and

(g) Damage to personal property, loss of use of personal property, and incidental damages.

**WHEREFORE,** Crossclaimants/Defendants, by counsel, pray for judgment against the City of Sullivan in an amount sufficient to compensate them for their injuries and damages, for court costs expended, and for all other relief just and proper in the premises.

CROSSCLAIMANTS/DEFENDANTS RESPECTFULLY REQUEST TRIAL BY JURY.

        LOCKE REYNOLDS LLP

By: _____
    Eric Riegner, #14057-49
    Attorneys for Defendant, John J. Vela and
    John J. Vela Trucking d/b/a Jay's Trucking

STURM, SMITH & PARMENTER

By: _____
    Jason C. Field
    Attorneys for the Defendant, John J. Vela