UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| CSX TRANSPORTATION, INC., | ) | |
|     Plaintiff, | ) | |
| | ) | |
| vs. | ) | 2:06-cv-112-RLY-WGH |
| | ) | (consolidated) |
| JOHN J. VELA, JOHN J. VELA | ) | |
| TRUCKING d/b/a JAY'S TRUCKING, | ) | |
| SULLIVAN VOLUNTEER FIRE | ) | |
| DEPARTMENT, CITY of SULLIVAN, | ) | |
| INDIANA, and DONALD RAY HUFF, | ) | |
|     Defendant. | ) | |
| _____ | ) | |
| JOHN J. VELA and JOHN J. VELA | ) | |
| TRUCKING d/b/a JAY'S TRUCKING, | ) | |
|     Counterclaimants, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| CSX TRANSPORTATION, INC., | ) | |
|     Counterclaim Defendant. | ) | |
| _____ | ) | |
| JOHN J. VELA and JOHN J. VELA | ) | |
| TRUCKING d/b/a JAY's TRUCKING, | ) | |
|     Cross-claimants, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| CITY OF SULLIVAN, INDIANA and | ) | |
| DONALD RAY HUFF, | ) | |
|     Cross-defendants. | ) | |
| _____ | ) | |
| DONALD RAY HUFF, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |

| | |
|---|---|
| CSX TRANSPORTATION, INC. and | ) |
| JOHN J. VELA, Individually and d/b/a | ) |
| JAY'S TRUCKING, a/k/a JOHN J. VELA | ) |
| TRUCKING, | ) |
| Defendants. | |

**ENTRY ON DEFENDANT DONALD RAY HUFF'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR DAMAGES, INDEMNITY, AND DECLARATORY RELIEF**

This matter is before the court on Defendant, Donald Ray Huff's ("Huff"), Motion to Dismiss. The court, having considered the parties' motions, the applicable law, and being otherwise duly advised, now **DENIES** in part, and **GRANTS** in part, said motion.

**I.    Background**

On February 6, 2006, a "low-boy" tractor semi-trailer, owned by John J. Vela d/b/a Jay's Trucking ("John Vela Trucking") and driven by John J. Vela ("Vela"), became stuck on railroad tracks at the Washington Street grade crossing in Sullivan, Indiana. The "low-boy" rig was struck by a southbound train owned and operated by CSX Transportation, Inc. ("CSXT"). Huff, an employee of CSXT, was the engineer operating the CSXT train. As a result, the Sullivan Volunteer Fire Department billed CSXT for the costs associated with cleaning up the accident.

On May 22, 2006, Huff filed a multi-count complaint against CSXT under the Federal Employers Liability Act ("FELA") for serious and permanent injuries and against Vela for negligence in the Southern District of Illinois, East St. Louis Division. The Southern District of Illinois transferred Huff's original action for personal injuries to this

2

court's Terre Haute Division for lack of personal jurisdiction on October 27, 2006. Thereafter, that case was consolidated on November 22, 2006, with the present case pursuant to CSXT and Vela's Joint Motion to Consolidate.

On June 1, 2006, CSXT filed a Complaint for Damages, Indemnity and Declaratory Relief seeking damages from Vela and John Vela Trucking alleging they are liable for the accident, seeking indemnity for the claims against it by the Sullivan Volunteer Fire Department and Huff, and requesting declaratory relief. Vela counterclaims against CSXT alleging that CSXT was negligent for failing to repair potholes and maintain pavement and grades surrounding the railroad crossing.

On December 18, 2006, Huff filed the present Motion to Dismiss CSXT's complaint for failure to state a claim. In this motion, Huff claims CSXT improperly asked for declaratory relief and indemnity in its complaint.[1]

## II.     Motion to Dismiss Standard

Federal Rule of Civil Procedure 12(b)(6) permits dismissal for failure to state a claim upon which relief can be granted. In reviewing a motion to dismiss, the court must look at the plaintiff's well-pleaded allegations as true and draw all reasonable inferences in the most favorable light to plaintiff. *Crenshaw v. Baynerd,* 180 F.3d 866, 868 (7th Cir. 1999). If there is no set of facts that plaintiff can prove that would entitle plaintiff to relief, then dismissal is appropriate. *Id.*

---

[1] In his Motion to Dismiss, Huff also claims to have never been properly served. The court ordered CSXT to properly effect service of process on Huff on May 3, 2007. CSXT filed a return of service on May 15, 2007, showing that Huff was properly served.

**III.     Discussion**

Huff moves to dismiss CSXT's complaint[2] because the claim for declaratory relief is improper and because fault cannot be apportioned under FELA. As such, Count I (damages for Jay's Trucking and Vela's negligence), Count II and Count III (claims for indemnity against the Sullivan Fire Department and Huff), and Count IV (declaratory relief) should be dismissed.

Count IV is filed under the Declaratory Judgment Act, which authorizes federal courts to "declare the rights and other legal relations of any interested party seeking a declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201. The Declaratory Judgment Act affords "parties who are threatened with liability but are otherwise without a satisfactory remedy a means for early adjudication of the controversy." *Northland Inc. Co. v. Gray,* 240 F. Supp. 2d 846, 848 (N.D.Ind. 2003). The Act requires the existence of a "substantial controversy, between parties with adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Cunningham Bros. Inc. v. Bail,* 407 F.2d 1165, 1169 (7th Cir. 1969). To prove a substantial controversy exists, the plaintiff "must show that [it] has sustained, or is in immediate danger of sustaining, a direct injury as the result of the defendant's conduct." *Northland,* 240 F. Supp. 2d at 848. "The threat of injury must be real and

---

[2] It is unclear from Huff's motion to dismiss and accompanying briefs whether he seeks to dismiss CSXT's entire complaint or only the claim for declaratory judgment. However, as Huff's motion and prayer for relief are directed at the entire complaint, the court will consider whether dismissal is appropriate with respect to each count.

immediate, not conjectural or hypothetical." *Id.* Therefore, there is no immediate controversy if it is not certain that the plaintiff will ever be obligated to pay any judgment for which it seeks indemnification. *Cunningham,* 407 F.2d at 1169.

No immediate controversy exists in this case because the underlying determination of liability for the accident in question has not been determined. As such, declaratory judgment at this stage is premature.

Huff also contends the indemnity claims in Count II and Count III are improper because he is entitled to receive his total damage award from CSXT regardless of whether other tort-feasors are jointly liable. The traditional rule under FELA is that potentially liable tort-feasors are to be held jointly and severally liable. *Norfolk & Western Railway Co. v. Ayers,* 538 U.S. 135, 162 (2003). Additionally, Indiana law provides "that one who is constructively liable to a third person by operation of some special statute or rule of law which imposes on him a non-delegable duty, but who is otherwise without fault, is entitled to indemnity from one who directly causes the harm." *McClish v. Niagara Mach. & Tool Works,* 266 F. Supp. 987, 990 (S.D. Ind. 1967). FELA falls under this category of a special statute. *Summar v. Indiana Harbor Belt R.R. Co.*, 515 N.E.2d 130, 132 (Ill. App. Ct. 1986).

Huff contests CSXT's claim for indemnification by stating that FELA does not provide for apportionment among tort-feasors. CSXT does not ask for apportionment in the complaint. Instead, CSXT specifically asks the court to find the defendants jointly and severally liable, which follows the traditional manner under FELA. Under Indiana

law, CSXT is also within its rights to claim indemnity against the defendants.

Finally, Huff fails to address Count I even though his motion to dismiss relates to CSXT's entire complaint. Upon review of Count I, the court finds the allegations sufficient to state a claim of negligence under Indiana law.

### IV.  Conclusion

For the reasons set forth above, the court **DENIES** Defendant's Motion to Dismiss Plaintiff's claims for indemnity and damages (Count I, II, III) and **GRANTS** Defendant's Motion to Dismiss Plaintiff's claim for declaratory relief (Count IV).

**SO ORDERED** this 21st day of August 2007.

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Electronic Copies To:

John C. Duffey
STUART & BRANIGIN LLP
jcd@stuartlaw.com

Jason C. Field
STURM SMITH & PARMENTER
jfield@ssplawfirm.com

Matthew Reed King
LOCKE REYNOLDS LLP
mking@locke.com

John P. Kujawski
KUJAWSKI & NOWAK PC
kujawskinowak@yahoo.com

David A. Locke
STUART & BRANIGIN LLP
dal@stuartlaw.com

Craig Morris McKee
WILKINSON GOELLER MODESITT WILKINSON & DRUMMY
cmmckee@wilkinsonlaw.com

Eric A. Riegner
LOCKE REYNOLDS LLP
eriegner@locke.com


Copy to:

James A. Bax
1520 Bender Avenue
Hamilton, OH 45011