UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| **CSX TRANSPORTATION, INC.,**<br><br>    **Plaintiff,**<br><br>    v.<br><br>**JOHN J. VELA, JOHN J. VELA TRUCKING d/b/a/ JAY'S TRUCKING, SULLIVAN VOLUNTEER FIRE DEPARTMENT, CITY OF SULLIVAN, INDIANA, and DONALD RAY HUFF,**<br><br>    **Defendants, et al.** | **Cause No. 2:06-CV-112 RLY-WGH Consolidated** |

## SECOND AMENDED COMPLAINT

### INTRODUCTION

COMES NOW the F.E.L.A. Plaintiff, **DONALD R. HUFF**, by and through his attorneys, KUJAWSKI & ASSOCIATES, P.C., and for his Second Amended Complaint against the Defendants, **CSX TRANSPORTATION INC.**, (**hereinafter referred to as CSX**), **JOHN J. VELA, individually and d/b/a JAY'S TRUCKING, a/k/a JOHN J. VELA TRUCKING, (hereinafter referred to as VELA TRUCKING**), and **CITY OF SULLIVAN**, respectfully states as follows:

1. That the jurisdiction of this Court is based upon an Act of Congress of the United States, being the Federal Employers' Liability Act, 45 U.S.C.A., Sections 51-60, and Title 28 Section 1331, as hereinafter more fully shown.

2. That at all times mentioned herein, the Defendant, **CSX**, was a corporation and was controlled, operated and maintained in interstate commerce, and in transporting interstate commerce between various states including the States of Illinois and Indiana.

3. That at all times relevant herein, **JOHN J. VELA**, was a citizen and resident of the State of Indiana. This Court has supplemental jurisdiction over JOHN J. VELA pursuant to 28 U.S.C. 1367.

4. That at all times relevant herein, **VELA TRUCKING**, was and is an Indiana corporation. This Court has Supplemental jurisdiction over **VELA TRUCKING** pursuant to 28 U.S.C. 1367.

5. That at all times relevant herein, the **CITY OF SULLIVAN** was and is believed to be a governmental unit located in the City of Sullivan, State of Indiana. This Court has supplemental jurisdiction over the City of Sullivan pursuant to 28 U.S.C. 1367.

6. That at all times relevant herein, the Plaintiff, DONALD R. HUFF, was employed by the Defendant, **CSX**, as a locomotive engineer, and had been since on or about June, 1998.

7. That at all times mentioned herein, all or part of the duties of the Plaintiff as such an employee furthered interstate commerce conducted by the Defendant or in some way directly or substantially affected said commerce.

8. The Plaintiff, while employed by **CSX**, performed work duties, tasks, and assignments in **East St. Louis, St. Clair County, Illinois** and at said location was required to walk upon uneven surfaces, irregular ballast, and foreign objects.

9. That the Plaintiff, while employed by **CSX**, performed work duties, tasks, and assignments in **East St. Louis, St. Clair County, Illinois**, and at said location, was required to embark and disembark moving locomotives and trains.

10. That at all times relevant herein, the Defendant, **CSX**, maintains a yard,

and repair and inspection facilities, located in **East St. Louis, St. Clair County, Illinois**.

# COUNT I
### Federal Employers' Liability Act
### (Negligence)

COMES NOW the Plaintiff, **DONALD R. HUFF**, by and through his attorneys, KUJAWSKI & ASSOCIATES, P.C., and for Count I of his Second Amended Complaint against the Defendant, **CSX** TRANSPORTATION INC., (hereinafter referred to as **CSX**), states as follows:

11.  That on or about February 6, 2006, Plaintiff was operating a locomotive and train near Hamilton Township, Sullivan County, Indiana.

12.  That at the above time and place, Defendant's train was approaching a public railroad crossing owned and maintained by Defendant **CSX**.

13.  That at the above-stated time and place, the defendant John J. Vela, individually, and doing business as **Jay's Trucking a/k/a Jay John Vela Trucking**, was operating a tractor trailer across Defendant's railroad crossing, and stopped upon the tracks of said crossing.

14.  That at the said time and place, the Defendant, by and through its agents, servants, and employees, negligently and carelessly committed one or more of the following acts or omissions to wit:

   (a)  Failed to maintain its crossing to allow motor vehicles to travel across Defendant's tracks.

   (b)  Failed to repair pot holes, drainage ditches and the pavement of its crossing.

15.  That as a direct and proximate result, in whole or in part, of one or more

of the above and foregoing negligent acts or omissions on the part of the Defendant, the Plaintiff was injured when the truck passing over said crossing stopped, or was caused to stop resulting in a collision causing the Plaintiff to sustain severe and permanent injuries to wit:  injuries to the muscles, tendons, ligaments, nerves, soft tissue, bones and vertebrae of the neck, back and spine; injuries to his knees, and shoulders; an aggravation of a pre-existing condition to his spine, shoulder, and knees; post traumatic stress disorder; an aggravation of a pre-existing post traumatic stress disorder; that he has sustained pain and suffering in the past and is reasonably certain to experience pain and suffering in the future as a result of said injuries, that he has incurred permanent disfigurement and disability resulting from said injuries; that he has lost and will continue to lose large sums of money from his usual occupation; that he has sustained a permanent impairment of his earning capacity; that he has become obligated in the past for medical expenses resulting from his injuries and will be obligated in the future to spend large sums of money for necessary medical care, treatment, and services; all to the Plaintiff's damage.

WHEREFORE, the Plaintiff, DONALD HUFF, prays judgment against the Defendant **CSX** in an amount in excess of $75,000.00 adequate to fairly and reasonably compensate him for damages sustained herein plus costs of this suit, plus pre-judgment interest.

## **PLAINTIFF DEMANDS TRIAL BY JURY**

## COUNT II
### (Negligence - Vela Trucking)

COMES NOW the Plaintiff, **DONALD R. HUFF**, by and through his attorneys, KUJAWSKI & ASSOCIATES, P.C., and for Count II of his Second Amended Complaint against the Defendants, **JOHN J. VELA,** Individually, and doing business as **JAY'S TRUCKING, a/k/a JOHN J. VELA TRUCKING, (hereinafter referred to as VELA TRUCKING)**, states as follows:

16. That the Court has supplemental jurisdiction over the Defendants, **John J. Vela, Individually, and doing business as Jay's Trucking, a/k/a John J. Vela Trucking**, pursuant to 28 U.S.C. Section 1367.

17. That at all times relevant herein, **John J. Vela** owned and operated a trucking company doing business as **Jay's Trucking, a/k/a John J. Vela Trucking**;

18. That on or about February 6, 2006, the Defendant was operating a tractor trailer truck in Hamilton Township, Sullivan County, Indiana over a crossing owned, operated and maintained by the **CSX** Railroad.

19. That at the above-mentioned time and place, the Plaintiff was operating a locomotive of Defendant **CSX**, and headed toward the above-mentioned crossing;

20. That at the said time and place, the Defendant, John J. Vela, Individually and doing business as **Jay Trucking, a/k/a John J. Vela Trucking**, both individually and as agent, servant, and employee of **Jay's Trucking, a/k/a John J. Vela Trucking**, committed one or more of the following acts or omissions to wit:

    (a) stopped his truck in the middle of the railroad crossing;

5

      (b)    failed to yield to an on-coming locomotive train; and

      (c)    failed to take reasonable action in order to avoid an accident.

21. That as a direct and proximate result of one or more of the foregoing negligent acts and/or omissions on the part of the Defendant, **John J. Vela**, individually, and d/b/a **Jay's Trucking, a/ka/ John J. Vela Trucking,** an accident was caused to occur when the **CSX** locomotive struck the tractor trailer operated by John J. Vela causing the Plaintiff to sustain severe and permanent injuries to wit:  injuries to the muscles, tendons, ligaments, nerves, soft tissue, bones and vertebrae of the neck, back and spine; injuries to his knees, and shoulders; an aggravation of a pre-existing condition to his spine, shoulder, and knees; post traumatic stress disorder; an aggravation of a pre-existing post traumatic stress disorder; that he has sustained pain and suffering in the past and is reasonably certain to experience pain and suffering in the future as a result of said injuries, that he has incurred permanent disfigurement and disability resulting from said injuries; that he has lost and will continue to lose large sums of money from his usual occupation; that he has sustained a permanent impairment of his earning capacity; that he has become obligated in the past for medical expenses resulting from his injuries and will be obligated in the future to spend large sums of money for necessary medical care, treatment, and services; all to the Plaintiff's damage.

WHEREFORE, the Plaintiff, DONALD HUFF, prays judgment against the Defendant **John J. Vela, Individually, and d/b/a Jay's Trucking, a/k/a John J. Vela Trucking**, both individually and as owner of said trucking company in an amount in excess of $75,000.00 adequate to fairly and reasonably compensate him for damages

sustained herein plus costs of this suit, plus pre-judgment interest.

## PLAINTIFF DEMANDS TRIAL BY JURY

### COUNT III
### Federal Employers' Liability Act
### (Negligence)

COMES NOW the Plaintiff, **DONALD R. HUFF**, by and through his attorneys, KUJAWSKI & ASSOCIATES, P.C., and for Count III of his Second Amended Complaint against the Defendant, **CSX TRANSPORTATION INC.**, (hereinafter referred to as **CSX**), states as follows:

22. That on or about September 2005, or on a date known more certainly to the Defendant, Plaintiff was operating a locomotive engine at or near Princeton, Indiana.

23. That on or about the above-said date, while in the operation of Defendant's locomotive engine, Plaintiff's locomotive and train encountered jolting and abrupt slack action.

24. That at said time and place, the Defendant, by and through its agents, servants, and employees, negligently and carelessly committed one or more of the following acts or omissions to wit:

    (a) Failed to furnish Plaintiff with a reasonably safe place in which to work;

    (b) Failed to provide Plaintiff with a safe method of work;

    (c) Failed to inspect its locomotives and rail cars for defects in their braking systems;

    (d)    Failed to hire a sufficient number of employees to conduct inspections and repairs of defendants locomotives and rail cars throughout Defendant's system, and at Defendant's E. St. Louis, St. Clair County, Illinois facility;

    (e)    Required Plaintiff to operate a locomotive with a defective braking system;

    (f)    Required Plaintiff to move railroad cars with defective braking systems;

    (g)    Failed to inspect and repair the braking system of its locomotive when located at defendant's yard in E. St. Louis, St. Clair County, Illinois;

    (h)    Allowed unsafe practices to become the common practice.

25.    That as a direct and proximate result, in whole or in part, of one or more of the above and foregoing negligent acts or omissions on the part of the Defendant, the Plaintiff was injured when the brakes of the locomotive, and rail cars, failed to properly operate, resulting in slack action, causing Plaintiff to sustain severe and permanent injuries to wit: injuries to the muscles, tendons, ligaments, nerves, soft tissue, bones and vertebrae of the neck, back and spine; injuries to his knees, and shoulders; an aggravation of a pre-existing condition to his spine, shoulder, and knees; post traumatic stress disorder; an aggravation of a pre-existing post traumatic stress disorder; that he has sustained pain and suffering in the past and is reasonably certain to experience pain and suffering in the future as a result of said injuries, that he has incurred permanent disfigurement and disability resulting from said injuries; that he has lost and will continue to lose large sums of money from his usual occupation; that he has sustained a permanent impairment of his earning capacity; that he has become obligated in the past for medical expenses resulting from his injuries and will be

obligated in the future to spend large sums of money for necessary medical care, treatment, and services; all to the Plaintiff's damage.

WHEREFORE, the Plaintiff, DONALD HUFF, prays judgment against the Defendant **CSX** in an amount in excess of $75,000.00 adequate to fairly and reasonably compensate him for damages sustained herein plus costs of this suit, plus pre-judgment interest.

### PLAINTIFF DEMANDS TRIAL BY JURY

### COUNT IV
### Federal Employers' Liability Act
### (Locomotive Inspection Act)

COMES NOW the Plaintiff, **DONALD R. HUFF**, by and through his attorneys, KUJAWSKI & ASSOCIATES, P.C., and for Count IV of his Second Amended Complaint against the Defendant, **CSX TRANSPORTATION INC**., (hereinafter referred to as **CSX**), states as follows:

26. That the jurisdiction of this Court is based upon an Act of Congress of the United States, being the Locomotive Inspection Act 49 U.S.C.A. Sections 20701 et. seq., as more fully shown.

27. That on or about September 2005, or on a date known more certainly to the Defendant, Plaintiff was operating a locomotive engine at or near Princeton, Indiana.

28. That on or about the above-said date, while in the operation of Defendant's locomotive engine, Plaintiff's locomotive and train encountered jolting and

abrupt slack action.

29. That the Defendant, **CSX**, by and through its agents, servants, and employees, violated the Locomotive Inspection Act, in that it failed to provide Plaintiff with a locomotive and its appurtenances which were in a proper and safe condition, and safe to work on or about, by committing one or more of the following acts or omissions:

(a) Failed to provide Plaintiff with operational braking systems on its locomotive;

(b) Failed to inspect and maintain the braking system of its locomotives;

(c) Violated 49 C.F.R. Sections 229.55; 229.57; and 229.59, in providing Plaintiff with a locomotive with a braking system which was not in proper and safe condition.

30. That as a direct and proximate result, of the above-mentioned acts or omissions on the part of the Defendant, **CSX**, by and through its agents, servants and employees, the Plaintiff was injured when the brakes of the locomotive, and rail cars, failed to properly operate, resulting in slack action, causing Plaintiff to sustain severe and permanent injuries to wit: injuries to the muscles, tendons, ligaments, nerves, soft tissue, bones and vertebrae of the neck, back and spine; injuries to his knees, and shoulders; an aggravation of a pre-existing condition to his spine, shoulder, and knees; post traumatic stress disorder; an aggravation of a pre-existing post traumatic stress disorder; that he has sustained pain and suffering in the past and is reasonably certain to experience pain and suffering in the future as a result of said injuries, that he has incurred permanent disfigurement and disability resulting from said injuries; that he has lost and will continue to lose large sums of money from his usual occupation; that he has sustained a permanent impairment of his earning capacity; that he has become

obligated in the past for medical expenses resulting from his injuries and will be obligated in the future to spend large sums of money for necessary medical care, treatment, and services; all to the Plaintiff's damage.

WHEREFORE, the Plaintiff, **DONALD HUFF**, prays judgment against the Defendant **CSX** in an amount in excess of $75,000.00 adequate to fairly and reasonably compensate him for damages sustained herein plus costs of this suit, plus pre-judgment interest.

### PLAINTIFF DEMANDS TRIAL BY JURY

### COUNT V
### Federal Employers' Liability Act
### (Repetitive Trauma)

COMES NOW the Plaintiff, **DONALD R. HUFF**, by and through his attorneys, KUJAWSKI & ASSOCIATES, P.C., and for Count V of his Second Amended Complaint against the Defendant, **CSX TRANSPORTATION INC**., (hereinafter referred to as **CSX**), states as follows:

31.    That during the time the Plaintiff was employed by the Defendant, **CSX,** Plaintiff operated trains throughout Indiana and Southern Illinois, including **East St. Louis, St. Clair County, Illinois,** and was required to walk upon Defendant's work surfaces and embark and disembark moving locomotives and trains;

32.    That Plaintiff was routinely required to walk upon improperly-sized ballast, debris, rock, and uneven surfaces, on a repetitive, continuing basis; and was required to embark and disembark moving locomotives and trains, that resulted in Plaintiff's

11

exposure to continuing and cumulative trauma to various parts of his body, including but not limited to his legs, and knees.

33. That Plaintiff did not realize his true medical condition and its cause until within three (3) years of the filing of this suit.

34. That at the aforesaid time and place, the Defendant, **CSX,** a corporation, by and through its agents, servants and employees, was negligent in committing one or more of the following acts or omissions to wit:

    (a) Failed to provide Plaintiff with a safe place to work;

    (b) Failed to provide Plaintiff with a firm and stable work surface;

    (c) Failed to remove debris and oversized ballast from Defendant's work surfaces;

    (d) Failed to periodically inspect its work surfaces to remove debris and improperly sized ballast;

    (e) Failed to maintain Plaintiff's work area in a condition which would protect and safeguard Plaintiff;

    (f) Failed to correct dangerous conditions existing therein;

    (g) Required Plaintiff to embark and disembark moving locomotives and trains;

    (h) Violated C.F.R. Section 213.33 in failing to keep its work surfaces adjacent to the road bed maintained and free of obstruction;

    (i) Violated C.F.R. Section 213.103 in failing to provide ballast that would allow for adequate drainage and/or proper track cross level;

    (j) Violated C.F.R. Section 213.233 in failing to conduct scheduled track and ballast inspections;

    (k) Allowed unsafe practices to become the common practice.

35. That as a direct and proximate result in whole or in part, of one or more of the above and foregoing acts of negligence or omissions on the part of the Defendant,

by and through its agents, servants, and employees, the Plaintiff, was exposed to repeated and cumulative trauma to the legs and knees, causing Plaintiff to sustain severe, and permanent injuries to wit: injuries to the legs, and knees; that he sustained pain and suffering in the past, and is reasonably certain to experience pain and suffering in the future as the result of said injury; that he has incurred permanent disfigurement and disability resulting from said injuries; that he has lost sums of money from his usual gainful occupation, and that he will continue to lose large sums of money from his usual occupation; that he has sustained a permanent impairment of his earning capacity; that he has become obligated in the past for medical expenses resulting from his injuries; he will be obligated in the future to expend large sums of money for necessary medical care and treatment and services, all to the Plaintiff's damage.

WHEREFORE, the Plaintiff, **DONALD HUFF**, prays judgment against the Defendant **CSX** in an amount in excess of $75,000.00 adequate to fairly and reasonably compensate him for damages sustained herein plus costs of this suit, plus pre-judgment interest.

**PLAINTIFF DEMANDS TRIAL BY JURY**

**COUNT VI**
**(Negligence - City of Sullivan)**

COMES NOW the Plaintiff, **DONALD R. HUFF**, by and through his attorneys, KUJAWSKI & ASSOCIATES, P.C., and for Count VI of his Second Amended Complaint

against the Defendant, **CITY OF SULLIVAN**, respectfully states as follows:

36. That on or about February 6, 2006, Plaintiff was operating a locomotive in a northerly direction on **CSX's** rail line near its intersection with Washington Street in the City of Sullivan, County of Sullivan, State of Indiana.

37. That at the above stated time and place, the Defendant **JOHN J. VELA**, individually, and doing business as **JAY'S TRUCKING a/k/a JOHN J. VELA TRUCKING**, was operating a tractor trailer across Defendant's railroad crossing and stopped upon the tracks of said crossing.

38. At the railroad crossing, a collision did then and there occur, in which a locomotive and train of **CSX TRANSPORTATION, INC.**, collided with a semi tractor trailer of **JOHN J. VELA**, individually and doing business as **JAY'S TRUCKING a/k/a JOHN J. VELA TRUCKING**.

39. That at the said time and place, the Defendant, by and through his agents, servants, and employees, negligently and carelessly committed one or more of the following acts or omissions to wit:

  (a)  Failed to maintain the crossing to allow motor vehicles to travel across **CSX'S** tracks;

  (b)  Failed to maintain/repair potholes, drainage ditches, and the pavement surrounding the railroad crossing located on Washington Street, in the City of Sullivan, County of Sullivan, State of Indiana; and

  (c)  Failed to maintain the pavement surrounding the railroad crossing to allow motor vehicles to travel across **CSX's** tracks.

40. That as a direct and proximate result, in whole or in part, of one or more of the above and foregoing negligent acts or omissions on the part of the Defendant, the Plaintiff was injured when the truck passing over said crossing stopped, or was

caused to stop resulting in a collision causing the Plaintiff to sustain severe and permanent injuries to wit: injuries to the muscles, tendons, ligaments, nerves, soft tissue, bones and vertebrae of the neck, back and spine; injuries to his knees, and shoulders; an aggravation of a pre-existing condition to his spine, shoulder, and knees; post traumatic stress disorder; an aggravation of a pre-existing post traumatic stress disorder; that he has sustained pain and suffering in the past and is reasonably certain to experience pain and suffering in the future as a result of said injuries, that he has incurred permanent disfigurement and disability resulting from said injuries; that he has lost and will continue to lose large sums of money from his usual occupation; that he has sustained a permanent impairment of his earning capacity; that he has become obligated in the past for medical expenses resulting from his injuries and will be obligated in the future to spend large sums of money for necessary medical care, treatment, and services; all to the Plaintiff's damage.

WHEREFORE, the Plaintiff, **DONALD HUFF**, prays judgment against the Defendant, **CITY OF SULLIVAN** in an amount in excess of $75,000.00 adequate to fairly and reasonably compensate him for damages sustained herein plus costs of this suit, plus pre-judgment interest.

### PLAINTIFF DEMANDS TRIAL BY JURY

Respectfully submitted,

KUJAWSKI & ASSOCIATES, P.C.

**By: s/ Robert P. Marcus**
**JOHN P. KUJAWSKI, #3128922**
**ROBERT P. MARCUS, #6277965**
1331 Park Plaza Drive, Suite 2
O'Fallon, Illinois 62269-1764
Telephone:   (618) 622-3600
Facsimile:    (618) 622-3700
**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the above and foregoing document has been electronically filed and therefore Notice of Electronic Filing service is being utilized, pursuant to Electronic Rule 8 this **1st** day of **November, 2007**, upon the attorneys of record.

s/Robert P. Marcus