UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| CSX TRANSPORTATION, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:06-cv-112-RLY-WGH |
| | ) | |
| JOHN J. VELA, JOHN J. VELA TRUCKING | ) | |
| d/b/a JAY'S TRUCKING, SULLIVAN | ) | |
| VOLUNTEER FIRE DEPARTMENT, | ) | |
| CITY OF SULLIVAN, INDIANA, and | ) | |
| DONALD RAY HUFF, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON MOTION TO COMPEL DEPOSITION
OF CSX TRANSPORTATION AND MOTION FOR
PROTECTIVE ORDER FILED BY CSX TRANSPORTATION**

This matter is before the Honorable William G. Hussmann, Jr., United States Magistrate Judge, upon the Vela Defendants' Motion to Compel Deposition of CSX Transportation Pursuant to FED. R. CIV. P. 30(b)(6) filed September 6, 2007. (Docket Nos. 87-89).  Plaintiff CSXT's Response in Opposition to the Motion to Compel Deposition was filed September 24, 2007 (Docket No. 94), and the Vela Defendants' Reply Brief was filed October 2, 2007 (Docket No. 98).  In related motions, Plaintiff CSXT filed a Motion for Protective Order on October 3, 2007 (Docket No. 99).  The Vela Defendants filed their Response to that motion on October 9, 2007 (Docket No. 103), and Plaintiff CSXT filed its Reply Brief on October 10, 2007 (Docket No. 104).  The Vela Defendants then filed their Surreply to the Motion for Protective Order on October 11, 2007.  (Docket No. 105).

On June 21, 2007, attorneys for Defendants John J. Vela and John J. Vela Trucking d/b/a Jay's Trucking served a Notice of Videotaped Deposition Duces Tecum to CSX Transportation, Inc. ("CSXT"), pursuant to FED. R. CIV. P. 30(b)(6). That notice contained a list of some 31 topics for which testimony was requested. In addition, pursuant to FED. R. CIV. P. 45 and an attached Subpoena, CSXT was directed to produce at the time of the deposition all records described in the notice consulted by CSXT in order to prepare the deponents to testify in response to the notice and any records used to refresh the recollection of any deponent testifying pursuant to the notice.

CSXT has objected to the notice of deposition and to 23 of the 31 topics listed in the Subpoena. The bases for its objections include the following:

(a) that some of the requests are overly broad on their face;

(b) that CSXT has already produced all records in response to particular topics in the past;

(c) that CSXT has already provided requested information in sworn interrogatory answers and that, therefore, there is no reason to compel additional testimony on the subject;

(d) that information does not exist concerning certain of the topics and that, therefore, further deposition testimony about what does not exist is not warranted;

(e) that certain of the requests require CSXT to marshal all of its factual proof and prepare a witness to be able to testify on a given defense and that such is an improper purpose for a Rule 30(b)(6) deposition and unduly requires the production of attorney work product;

(f) that the Rule 30(b)(6) deposition would require unreasonably cumulative or duplicative discovery method; and

    (g)    that certain of the requests require CSXT to disclose subsequent remedial measures which are not admissible in this case.

In order to review these objections, a brief discussion of the purpose of a Rule 30(b)(6) notice may be helpful. Rule 30(b)(6) of the Federal Rules of Civil Procedure provides in pertinent part:

> A party may in the party's notice and in a subpoena name as the deponent a public or private corporation . . . and describe with reasonable particularity the matters on which examination is requested. In that event, the organization so named shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. . . . The persons so designated shall testify as to matters known or reasonably available to the organization. This subdivision (b)(6) does not preclude taking a deposition by any other procedure authorized in these rules.

Like other forms of discovery, a Rule 30(b)(6) notice is subject to certain limitations imposed under Federal Rule of Civil Procedure 26(b)(2), and the notice may be subject to a protective order under Federal Rule of Civil Procedure 26(c). Under these rules, on a motion to compel discovery or for a protective order, the party from whom discovery is sought must show that the information is not reasonably accessible because of undue burden or cost.

The Court, being duly advised, now addresses the topics listed in the Rule 30(b)(6) notice which are in dispute.

**(a)    Topic #5 – Inspections**

The notice in this case seeks CSXT to produce testimony about all inspections of the subject grade crossing for a period of 11½ years. Pursuant to federal regulations, CSXT maintains track inspection records for one year and rail

inspection records for two years from the date of the inspection. See 49 C.F.R. §§ 213.369(b), (c). CSXT states that it has previously produced all such records in its possession and, because it has previously produced records, no deposition testimony is warranted.

The Magistrate Judge concludes that this notice is overly broad in the time period which its requests. The appropriate time period is that which is required by the statute. However, the Vela Defendants are entitled to conduct a deposition of a CSXT representative who produced such records in order to confirm that the records produced are full and complete, and to explain any terminology or coding necessary to understand the inspection reports. The Magistrate Judge does not conclude that simply producing documents eliminates the need for a person to testify or explain the use or meaning of such documents. Where the time frame is appropriately limited, the production of a witness to explain the records, record keeping abilities and locations, and the nature of the records does not appear to be an undue burden. Therefore, the Motion to Compel and the Motion for Protective Order are each **GRANTED, in part,** as to Topic #5. CSXT shall produce a Rule 30(b)(6) witness to testify concerning the inspection records, but that person shall be required to be familiar with only those records that are kept for the time period required by the appropriate federal regulation.

**(b)    Topic #6 – Complaints and/or Requests for Repair**

The Vela Defendants seek testimony about records relating to complaints and/or requests for repair for the subject grade crossing for 11½ years. CSXT has

previously testified that it has no records of complaints or requests for repair because it received no such documentation.

The Magistrate Judge concludes that the time period in this request is overly broad, and that an appropriate time period in this case with respect to any complaints would be three years prior to the date of the accident. The fact that no records exist concerning complaints or requests for repair does not, however, stand to preclude CSXT from bringing forward a person knowledgeable about any repairs actually performed on the subject grade crossing or other verbal complaints that may have been made or received by the railroad. Therefore, the Motion to Compel and the Motion for Protective Order are each **GRANTED, in part.** CSXT shall provide a person designated to address any repairs made or verbal complaints received concerning repairs for a period of three years prior to the accident.

**(c)    Topic #7 – CSXT Representatives Present at the Washington Street Grade Crossing**

The Vela Defendants have requested that CSXT "identify everyone who inspected, serviced, repaired, and renovated that crossing" for a period of seven years prior to the accident to the present. CSXT indicates that it has already provided sworn testimony regarding the names of the persons who the Vela Defendants seek to have a Rule 30(b)(6) witness identify in their answer to Defendant Huff's Interrogatory No. 17.

The Magistrate Judge concludes that a Rule 30(b)(6) deposition on this topic would be unduly cumulative. Therefore, the Motion for Protective Order is **GRANTED,** and the Motion to Compel is **DENIED.**

**(d)   Topics #8 and #9 – Internal and Governmental "Standards" That Apply to the Construction and Repair of CSXT's Grade Crossings**

The Vela Defendants seek testimony about "internal (CSX) standards as well as governmental standards that CSXT believes involve the maintenance, repair, and construction of railroad crossings." Plaintiff CSXT responds that track safety standards in 49 C.F.R. Part 213 address the construction and maintenance of tracks, but there are no internal standards for the construction and maintenance of railroad crossings.

The Motion to Compel and Motion for Protective Order are each **GRANTED, in part,** as follows. CSXT shall produce a person who has knowledge of how the railroad determines which internal standards or which federal regulations address the maintenance, repair and construction of the particular crossing at issue in this accident. That person shall be prepared to testify as to any internal standards or federal regulations that apply to the particular crossing for a period of three years before the accident.

**(e)   Topic #10 – Identities of Maintenance Personnel**

The Vela Defendants request that CSXT designate a witness to testify about records which would indicate the identity of all maintenance personnel who worked at, upon or near the subject railroad crossing for a period of ten years prior to the accident until the present.

The Magistrate Judge finds that a ten year period is unduly broad in this case. In addition, CSXT has already provided sworn testimony regarding the names of the persons about whom the Vela Defendants seek to have a Rule 30(b)(6)

witness testify in their answer to Defendant Huff's Interrogatory No. 17.  Therefore, the Motion for Protective Order is **GRANTED,** and the Motion to Compel is **DENIED.**

(f)     **Topics #11 and #12 – Measurements, Drawings and Surveys**

The Vela Defendants seek testimony about measurements, drawings and surveys at the Washington Street grade crossing, including the slope of the roadway.  CSXT has stated under oath that apart from the right-of-way map, it has no blueprints, design drawings or engineering surveys regarding the crossing surface.

The Magistrate Judge concludes that if there are no such blueprints, design drawings or engineering surveys, testimony concerning that fact is unduly duplicative.  The Motion for Protective Order is **GRANTED** as to these topics, and the Motion to Compel is **DENIED.**

(g)     **Topic #14 – Other Incidents at the Washington Street Grade Crossing**

The Vela Defendants seek testimony about other incidents at the Washington Street grade crossing.  CSXT has already testified under oath that there have been no other vehicle/train collisions at the subject grade crossing in the past 20 years, and that it has no knowledge of any other incidents involving vehicles or trailers becoming stuck on this crossing.  (Vela Defendants' Interrogatory Nos. 2 and 3).  For this reason, the Motion for Protective Order is **GRANTED,** and the Motion to Compel is **DENIED.**

**(h)     Topic #15 – Incidents at Other Crossings Involving Low-boy Trailers**

The Vela Defendants seek testimony about other incidents where low-boy trailers became stuck on any grade crossing on CSXT's lines throughout the United States and Canada for an 11½ year period.

The Magistrate Judge concludes that this request is unduly broad. Therefore, the Motion for Protective Order is **GRANTED,** and the Motion to Compel is **DENIED.**  In the event that any such incidents happened in Sullivan County within three years of this accident, CSXT will be required to designate a witness with knowledge concerning the accident(s).

**(i)     Topic #16 – Internal or Governmental Crossing "Standards" for Low-boy Trailers**

The Vela Defendants seek testimony about internal or governmental standards, rules or directives pertaining to the design of grade crossings with regard to use by low ground clearance vehicles.  CSXT has previously stated in their answer to the Vela Defendants' Interrogatory No. 4 that there are no federal standards for the construction and maintenance of railroad crossings.  The production of a witness to testify to that set of facts is unduly burdensome. Therefore, the Motion for Protective Order is **GRANTED** with respect to this topic, and the Motion to Compel is **DENIED.**

**(j)     Topic #17 – Evidence Supporting CSXT's Contention That Vela Was Negligent in the Operation of His Tractor Semi-trailer**

As CSXT suggests, the Vela Defendants are entitled to discover facts upon which the railroad will rely to support its claims.  However, the Magistrate Judge

agrees with the court in *In re: Independent Service Organizations Anti-Trust Litigation,* 168 F.R.D. 651 (D.Kansas 1996), that the Vela Defendants may not serve a Rule 30(b)(6) notice for the purpose of requiring CSXT to marshal all of its factual proof and prepare a witness to be able to testify on a particular defense. Therefore, the Motion for Protective Order is **GRANTED** as to this topic, and the Motion to Compel is **DENIED.**

**(k)     Topics #18 and #19 – Documentation and Elements of Damages**

The Vela Defendants seek testimony about all documentation for each element of CSXT's damages. CSXT responds that it has damages due to its rolling stock, signal equipment, track structures and grade crossing, as well as certain re-railing expenses and train delay losses, loss of use damages, diesel fuel cleanup expenses, and environmental remediation costs, as well as potential claims for money damages resulting from injuries sustained by its crew.

The Motion to Compel is granted in that CSXT must provide a witness who is knowledgeable on behalf of the corporation as to its damages in this case. Such testimony does not require CSXT to produce each and every witness it will call at trial to establish damages, but will require the persons designated to be sufficiently prepared to address the documentation which supports each claim of damage sought in this case. Therefore, the Motion to Compel and Motion for Protective Order are each **GRANTED, in part.**

**(l)    Topic #23 – Year, Make and Model of the Locomotive(s) Involved in the Incident**

The Vela Defendants seek testimony about the year, make and model of the locomotive(s) involved in the subject incident. CSXT has already provided all of that information, and there is no further need for additional testimony by a witness. Therefore, the Motion for Protective Order is **GRANTED** as to this topic, and the Motion to Compel is **DENIED.**

**(m)    Topic #24 – Length and Gross Weight of the Train, Number of Locomotives and Cars, and Composition of the Cargo**

The Vela Defendants seek testimony about the length and gross weight of the train. That information has been provided by interrogatory answer. Additional testimony would be unreasonably duplicative. Therefore, the Motion for Protective Order is **GRANTED** as to this topic, and the Motion to Compel is **DENIED.**

**(n)    Topics #25 and #26 – Distance Required to Stop the Train as Configured on the Day of the Accident, and Nature, Function and Operation of the Brakes**

The Vela Defendants seek testimony of the distance required to stop the train as configured on the date of the accident. The Magistrate Judge concludes that the motion to compel should be granted in that CSXT must agree to designate a witness to testify about the type of brakes used on the locomotive, the basic manner in which the braking system on the locomotive operates, and to provide to counsel any computations or estimates of stopping distances if those estimates or computations will be used at trial. Therefore, the Motion to Compel and the Motion for Protective Order are each **GRANTED, in part.**

**(o)     Topic #27 – Speed of the Train from 30 Minutes Before the Accident until the Time of the Accident**

The Vela Defendants seek testimony about the speed of the train from 30 minutes before the accident until the time of the accident.  CSXT alleges that that information is overly broad and not relevant.  CSXT does not establish that providing this information is unduly burdensome, and the Magistrate Judge is unable to determine that it is clearly irrelevant.  Therefore, the Motion to Compel is **GRANTED** as to this topic, and the Motion for Protective Order is **DENIED.**

**(p)     Topic #28 – Nature, Extent and Timing of Any Brake Application(s)**

The Vela Defendants seek testimony about the nature, extent and timing of any brake application(s) after becoming aware that Mr. Vela's truck was stuck on the tracks.  The Magistrate Judge concludes that the nature, extent and timing of any brake application(s) are subjects that must be testified to by the engineer, Donald R. Huff.  CSXT need not designate any other person to testify concerning these subjects unless CSXT will be providing an expert witness to provide calculations concerning the nature, extent and timing of any brake application(s).  Unless CSXT intends to do so, providing a witness on these subjects is an undue burden to CSXT.  Therefore, the Motion for Protective Order is **GRANTED** as to Topic #28, and the Motion to Compel is **DENIED.**

**(q)     Topic #29 – Warnings, Citations or Violations**

The Vela Defendants seek testimony on warnings, citations or violations relative to the subject railroad crossing over the past ten years.  CSXT has previously stated in discovery that it has received no warnings, citations or

violations issued by any local, state or federal entity pertaining to the subject railroad crossing.  That being the case, additional testimony is unduly burdensome.  Therefore, the Motion for Protective Order is **GRANTED** as to this topic, and the Motion to Compel is **DENIED.**

**(r)     Topic #30 – Subsequent Repairs**

The Vela Defendants seek testimony on "repairs or remedial measures subsequently made by or on behalf of CSXT at the subject railroad crossing." CSXT objects on the grounds that evidence of subsequent remedial measures is not admissible under Federal Rule of Evidence 407, and the exceptions to the rule such as ownership, control or feasibility of precautionary measures if controverted or impeachment is not at issue in this case.  CSXT does not establish why the production of a witness on this topic is unduly burdensome.  The Magistrate Judge is unable to ascertain at this time whether any of the exceptions to Rule 407 may apply.  Therefore, the Motion to Compel is **GRANTED** as to this topic, and the Motion for Protective Order is **DENIED.**

**(s)     Topic #31 – Speed Limits, Directives and/or Recommendations**

The Vela Defendants seek testimony on "[s]peed limits, directives, and/or recommendations for train speeds in or near the Town of Sullivan."  CSXT has objected on the ground that the allegation or defenses relating to claims of excessive train speed are preempted by federal law.  CSXT does not establish that testimony of a witness as to what the speed limits, directives and/or recommendations are in this case is an undue burden to produce.  The Motion to

Compel is **GRANTED** as to this topic, and the Motion for Protective Order is **DENIED.** The Court will determine at a later date whether the evidence concerning speed limits is relevant to the claim at trial.

Therefore, the Vela Defendants' Motion to Compel is **GRANTED, in part,** and **DENIED, in part,** and CSXT's Motion for Protective Order is **GRANTED, in part,** and **DENIED, in part.**

SO ORDERED.

Dated:  November 8, 2007

_____
WILLIAM G. HUSSMANN, JR.
Magistrate Judge

**Electronic copies to:**

John C. Duffey
STUART & BRANIGIN LLP
jcd@stuartlaw.com

Jason C. Field
STURM SMITH & PARMENTER
jfield@ssplawfirm.com

Matthew Reed King
LOCKE REYNOLDS LLP
mking@locke.com

John P. Kujawski
KUJAWSKI & NOWAK PC
kujawskinowak@yahoo.com

David A. Locke
STUART & BRANIGIN LLP
dal@stuartlaw.com

Robert P. Marcus
KUJAWSKI & ASSOCIATES
kujawskinowak@yahoo.com

Craig Morris McKee
WILKINSON GOELLER MODESITT WILKINSON & DRUMMY
cmmckee@wilkinsonlaw.com

Eric A. Riegner
LOCKE REYNOLDS LLP
eriegner@locke.com


**Mail copy to:**

James A. Bax
Brasher Law Firm
211 North Broadway
Suite 2300
St. Louis, MO  63102