IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| CSX TRANSPORTATION, INC., | ) | CASE NO. 2:06-CV-0112 RLY-WGH |
|     Plaintiff, | ) | |
|   v. | ) | |
| | ) | |
| JOHN J. VELA, JOHN J. VELA | ) | |
| TRUCKING d/b/a JAY'S TRUCKING, | ) | |
| SULLIVAN VOLUNTEER FIRE | ) | |
| DEPARTMENT, CITY OF SULLIVAN, | ) | |
| INDIANA, and DONALD RAY HUFF, | ) | |
|     Defendants. | ) | |
| _____ | ) | |
| JOHN J. VELA and JOHN J. VELA | ) | |
| TRUCKING d/b/a JAY'S TRUCKING, | ) | |
|     Counterclaimants, | ) | |
|   v. | ) | |
| | ) | |
| CSX TRANSPORTATION, INC., | ) | |
|     Counterclaim Defendant. | ) | |
| _____ | ) | |
| JOHN J. VELA and JOHN J. VELA | ) | |
| TRUCKING d/b/a JAY's TRUCKING, | ) | |
|     Cross-claimants, | ) | |
|   v. | ) | |
| | ) | |
| CITY OF SULLIVAN, INDIANA and | ) | |
| DONALD RAY HUFF, | ) | |
|     Cross-defendants. | ) | |
| _____ | ) | |
| DONALD RAY HUFF, | ) | |
|     Plaintiff, | ) | |
|   v. | ) | |
| | ) | |
| CXS TRANSPORTATION, INC. and | ) | |
| JOHN J. VELA, Individually and d/b/a | ) | |
| JAY's TRUCKING, a/k/a JOHN J. VELA | ) | |
| TRUCKING, | ) | |
|     Defendants. | ) | |

**THE VELA DEFENDANTS' BRIEF IN SUPPORT OF THEIR
MOTION FOR SUMMARY JUDGMENT AS TO COUNT III OF
<u>PLAINTIFF, CSX TRANSPORTATION, INC.'S, COMPLAINT FOR DAMAGES</u>**

## I. INTRODUCTION & PROCEDURAL HISTORY

Plaintiff CSX alleges that it sustained various damages associated with the collision of a CSX locomotive and a "low-boy" tractor semi-trailer rig operated by defendant John Vela on February 6, 2006, in Sullivan, Indiana. The subject CSX locomotive collided with Vela's rig at the Washington Street crossing in Sullivan after Vela's rig became stuck and disabled on the crossing. Donald Ray Huff ("Huff") was the operating engineer of the CSX train involved in this collision. The City of Sullivan, Indiana, through the Sullivan Volunteer Fire Department ("Sullivan"), responded to the collision, cleaned up a resulting spill of diesel fuel, and billed CSX for these services.

The pleadings in this case are complex. First, Huff sued CSX and the Vela defendants ("Vela") for personal injuries as a result of the February 6, 2006 collision (the "collision") in the United States District Court for the Southern District of Illinois. Huff asserts one claim[1] under the Federal Employers Liability Act ("FELA"), 45 U.S.C. §§ 51-360, against CSX, and one claim for general negligence against Vela as a result of the subject collision. CSX then sued Vela for property damages arising from the collision. Count III of CSX's complaint includes a claim of common law implied indemnity against Vela for any liabilities incurred by CSX for Huff's FELA claims found in Counts I and III-VII[2] of Huff's Amended Complaint.

Vela is entitled to summary judgment on Count III of CSX's Complaint because Indiana law does not recognize implied common law indemnity in negligence cases in the absence of derivative or constructive liability. By definition, any liability that CSX may have to Huff for his

---

[1] Huff asserts a number of FELA and other statutory claims against CSX but only one of the FELA claims, Count I of Huff's Amended Complaint, concerns the subject collision.
[2] Count VII of Huff's Amended Complaint is actually a claim against CSX under the federal Locomotive Inspection Act which is briefly discussed later in this motion.

FELA claims is neither derivative nor constructive, but rather the product of CSX's own negligence; thus, CSX's indemnity claim for FELA liability fails as a matter of law.

## II. STATEMENT OF UNDISPUTED MATERIAL FACTS

For purposes of this motion only, Vela stipulates that the following facts are undisputed.

On February 6, 2006, Vela was traveling eastbound on Washington Street in Sullivan, Indiana when his rig became stuck on CSX's railroad crossing. (*CSX's Compl.*, ¶ 12) A CSX locomotive being operated by Huff then collided with Vela's rig. (*CSX's Compl.*, ¶ 12) The collision caused damage to CSX's locomotive, train cars, tracks, and crossing, and to Vela's rig. (*See generally CSX's Compl. and Vela's Am. Countercl.*)

Huff filed a seven-count Complaint, originally in the United States District Court for the Southern District of Illinois, which was ultimately consolidated with this action. (*Huff's Am. Compl., p. 3-16*). Only two of Huff's seven counts, Counts I and II, relate to the subject collision. (*Huff's Am. Compl., p. 3-6*). Counts III and IV of Huff's Amended Complaint concern another incident in September of 2005 in Princeton, Indiana, wherein Huff alleges to have been injured as a result of the negligence of CSX. (*Huff's Am. Compl., p. 6-10*). Counts V through VII of Huff's Amended Complaint concern claims for repetitive trauma and hearing loss associated with various working conditions on CSX property and aboard CSX locomotives. (*Huff's Am. Compl., p. 11-17*).

Huff's FELA claim relating to the subject collision of February 6, 2006, is premised upon the contention that CSX was negligent because it "[f]ailed to maintain its crossing to allow motor vehicles to travel across [CSX's] tracks" and "[f]ailed to repair pot holes, drainage ditches and the pavement of its crossing." (*Huff's Am. Compl., p. 3, ¶ 13*).

### III. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate if the pleadings and evidence show that there is no genuine issue of material fact, and that the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56; *Winkler v. V.G. Reed & Sons, Inc.*, 638 N.E.2d 1228, 1231 (Ind. 1994). When a movant for summary judgment presents *prima facie* evidence that negates an element of Plaintiff's cause of action, the burden shifts to Plaintiff to demonstrate the existence of a genuine factual issue. *Crowe, Chizek & Co. v. Oil Tech., Inc.*, 771 N.E.2d 1203, 1206 (Ind. Ct. App. 2002), *reh'g denied, trans. denied*. If Plaintiff does not show the existence of a factual issue, the entire action will fail. *Id.* The Court must accept as true those facts alleged by the non-moving party, construe the evidence in favor of the non-movant, and resolve all doubts against the moving party. *Shambaugh & Son Inc. v. Carlisle*, 763 N.E.2d 459, 461 (Ind. 2002). Moreover, in cases of summary judgment, "disputed factual questions . . . which may preclude or defeat the liability of the indemnity claimant to the party actually injured, will not prevent the court from disposing of the indemnity claim." *Coca-Cola Bottling Co. v. Vendo Co.*, 455 N.E.2d 370, 374 (Ind. Ct. App. 1983).

### IV. ARGUMENT

**A. CSX's Common Law Implied Indemnity Claim for FELA Liability Fails as a Matter of Law Because CSX's Liability to Huff is Neither Derivative Nor Constructive.**

Under Indiana law, it is well-established that in the absence of an express contract of indemnity, a right to indemnity is generally not available as between joint tortfeasors. *McClish v. Niagra Machine & Tool Works*, 266 F. Supp. 987, 989 (S.D. Ind. 1967); *Coca-Cola Bottling Co.*, 455 N.E.2d at 373. "[I]ndemnity will not be allowed where the party claiming indemnity is guilty of actual negligence." *Coca-Cola Bottling Co.*, 455 N.E.2d at 373. Furthermore, "[w]here the negligent acts of parties concur in producing an injury . . . no right to indemnity . . . exists."

*McClish*, 266 F. Supp. at 991.  However, a claim for common law implied indemnity may be found where there is only derivative (vicarious) or constructive (statutory) liability.  *McClish*, 266 F. Supp. at 989-90.  An action for common law implied indemnity "will lie only where the party seeking indemnity is **without actual fault** but has been compelled to pay damages because of the wrongful conduct of another."  *Coca-Cola Bottling Co.*, 455 N.E.2d at 373.  In this case, CSX's indemnity claim fails as a matter of law because any liability CSX has to Vela under FELA is not merely vicarious, but rather stems from CSX's own negligence.  This is especially true when one considers that several of the FELA claims asserted by Huff do not even relate to the incident involve Vela.

The FELA is a fault-based federal worker's compensation statute applicable to railroad employees.  The FELA supplants any common law duty between the railroad and its employee and the railroad is stripped of its common law defenses.  *See Rogers v. Missouri Pacific Railroad Co.*, 352 U.S. 500, 507-508 (1957).  If the railroad is negligent, however small in percentage, the railroad is liable to the employee and is obliged to pay damages.  *Id*. at 508; 45 U.S.C. § 51.  "The fact that a railroad employee may have been guilty of contributory negligence shall not bar a recovery, but the damages shall be diminished by the jury in proportion to the amount of negligence attributable to such employee."  *Rogers*, 352 U.S. at 507.  In other words, if CSX is found to be negligent and therefore liable to Huff under the FELA, CSX will owe Huff apportioned damages due to its negligence.  But, unlike state worker's compensation statutes, if CSX was not negligent, it pays nothing.  Under no circumstance may CSX be vicariously negligent for Vela's torts.  And, despite the statutory scheme, there is no possibility of railroad liability without a finding of actual fault.

There is simply no scenario under which CSX is entitled to common law indemnity from Vela under Indiana law. If CSX was without fault, then it will be entitled to a defense verdict on Huff's FELA claims and there will be no basis for indemnity. Conversely, if the jury finds that CSX was negligent and caused Huff's damages, then CSX's liability to Huff under FELA is not purely derivative or constructive, but rather the product of CSX's own negligence, in which case CSX has no right to indemnity under Indiana law.

WHEREFORE, the Vela Defendants hereby pray that the Court grant them final summary judgment as to the CSX's claim for implied indemnification found in Count III of its Complaint, on the grounds set forth in this motion together with any grounds to be argued at any eventual hearing thereupon, together with any further relief this Court deems appropriate.

LOCKE REYNOLDS, LLP

By: */s/ Eric A. Riegner*
Eric A. Riegner, #14057-49
Matthew R. King, #24262-53
Edward L. Holloran, III, #27452-49
Attorneys for Defendants
John J. Vela and John J. Vela Trucking
d/b/a Jay's Trucking

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of March, 2008, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

David A. Locke
John C. Duffy
Stuart & Branigin LLP
300 Main Street, Suite 900
P. O. Box 1010
Lafayette, IN 47902

dal@stuartlaw.com
jcd@stuartlaw.com

Craig M. McKee
Wilkinson, Goeller, Modesitt,
 Wilkinson & Drummy, LLP
333 Ohio Street
P.O. Box 800
Terre Haute, IN 47808-0800
cmmckee@wilkinsonlaw.com

Monica C. Carpenter
Sturm, Smith & Parmenter
312 Main Street
P.O. Box 393
Vincennes, IN 47591

mcarpenter@ssplawfirm.com

Donald R. Huff,
9301 Valleyview Drive
Evansville, IN 47711

*Pro Se*

      */s/ Eric A. Riegner*
      Eric A. Riegner

LOCKE REYNOLDS, LLP
201 North Illinois Street, Suite 1000
P.O. Box 44961
Indianapolis, IN 46244-0961
317-237-3800
Fax: 317-237-3900
eriegner@locke.com
mking@locke.com
eholloran@locke.com

867947_1

- 7 -